# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALEXANDER JOHNSTON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:16-cv-9924-JGK |
| | ) | |
| NEW YORK CITY HOUSING | ) | (JURY TRIAL DEMANDED) |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among the Plaintiffs in the above-captioned case, who are identified on Exhibit A attached hereto, and who are all persons who have timely consented to be party Plaintiffs in the above-captioned case, and Defendant New York City Housing Authority on behalf of itself and all other New York City departments, commissions, agencies, related entities, predecessors, successors, trustees, members, officers, directors and employees, agents, assigns, representatives, employee benefit plans and the trustees, administrators, and fiduciaries of such plans (hereinafter collectively referred to as "Defendant"), and is based on the following:

### I.    RECITALS

1.1     Plaintiffs are 89 individuals employed or formerly employed by the Defendant.  On December 23, 2016, and on various dates thereafter, Plaintiffs filed their consents with this Court in the case *Johnston, et al. v. New York City Housing Authority*, Case No. 1:16-cv-9924-JGK (hereinafter, the "Lawsuit").  Exhibit A contains the dates on which Plaintiffs filed their consents with this Court.

1.2     Plaintiffs have made certain allegations and accusations concerning their employment with the Defendant regarding an asserted failure to pay wages and overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "Released Claims").

1.3     Plaintiffs and Defendant (hereinafter collectively referred to as the "Parties") have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of the Plaintiffs' claims with prejudice.  The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.4     The Parties, through their counsel, hereby seek judicial approval of this Settlement Agreement.  In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or otherwise fails to become effective for any reason, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.     **PAYMENT AND DISTRIBUTION**

2.1     In consideration for the terms, conditions and promises in this Agreement, Defendant shall, in accordance with paragraphs 2.2, 2.4, and 2.5 pay or will cause to be paid to Eligible Plaintiffs $172,701.50, to resolve all claims for FLSA damages allegedly accruing for the period from December 23, 2013, through December 2, 2017 ("the Settlement Amount").  The Settlement Amount will be divided and distributed to Eligible Plaintiffs as follows:  (1) one check payable to Plaintiffs' counsel for distribution to the plaintiffs constituting liquidated damages in the

amount of $85,100.75 ("the Liquidated Damages Amount"); (2) one check payable to Plaintiffs'

counsel for distribution to the Two Named Plaintiffs who served on the Plaintiffs' settlement team

who will each receive $1,250 as an incentive payment, for a total of $2,500[1] ("the Incentive

Payments Amount"); and (3) a set of payroll checks and/or stubs for direct deposit payments,

regular payroll checks for active (employed) Eligible Plaintiffs, and separate payroll checks for

inactive (no longer employed) Eligible Plaintiffs made payable to each Eligible Plaintiff in

accordance with the Plaintiffs' counsel's instructions constituting his or her share of the backpay

award in the total amount of $85,100.75 ("the Backpay Amount"); less all applicable deductions

and withholdings for that individual Plaintiff. The individual amount of backpay and liquidated

damages are to be calculated pursuant to the formulae set forth in paragraph 2.6. Before the

settlement approval conference referenced in paragraph 9.1 below, each individual Plaintiff's

amount will be presented to the Court as an attachment to this Settlement Agreement as Exhibits B

and C. These amounts are agreed to among the Parties to compromise, settle and satisfy the

Released Claims and liquidated damages related to the Released Claims.

     2.2     Within five (5) days of the date that the Court enters an Order finally approving this

Agreement, the Plaintiffs shall tender, by overnight mail, e-mail attachment or hand-delivery, to

Defendant's attorneys, the following document to effectuate payment of the settlement amounts

referenced in paragraph 2.1:  a listing of the distribution amounts to each individual Plaintiff along

with each Plaintiff's social security number and current addresses for Plaintiffs who are no longer

employed by Defendant. Defendant shall issue payment by distributing the backpay amounts (not

liquidated damages) in regular payroll checks or direct deposit payments directly to active Eligible

Plaintiffs and distributing separate payroll checks for non-active Eligible Plaintiffs to Plaintiffs'

---

[1] The two Named Plaintiffs who served on the settlement team are Alexander Johnston and
Damon Barnard.

counsel, the amounts as specified in paragraph 2.1 for backpay and by providing by check to

Plaintiffs' law firm, Woodley & McGillivary LLP, the liquidated damages amount for all of the

Plaintiffs, as well as the Incentive Payments Amount as specified in paragraph 2.1.  In the event

that a Plaintiff's backpay amount or liquidated damages amount will be reduced as the result of

wage garnishment, lien or judgment (to the extent set forth in paragraph 2.1), Defendant's counsel

shall provide Plaintiffs' counsel with: (1) the name of the Eligible Plaintiff; and (2) the amount of

the reduction and the nature of the reduction at or before the time the payment is made by

Defendant. The Settlement Amount will be paid within 90 days of the date that the Court enters an

Order finally approving this Agreement. In the event that the settlement amount is not paid with 90

days of the date that the Court enters an Order approving this Agreement, interest shall accrue on

the damage amount at the rate set forth in N.Y.C.P.L.R. § 5004.

 2.3 "Eligible Plaintiffs" is defined as all Plaintiffs identified in Exhibit A.

 2.4 Defendant's counsel will forward the Liquidated Damages Amount, payable to

Woodley & McGillivary LLP as Plaintiffs' counsel, who will be responsible for distributing to

each Eligible Plaintiff listed in Exhibit A his/her respective share of the Liquidated Damages

Amount in accordance with the formula described in paragraph 2.6 below.  Defendant will send

directly to each active (employed) Eligible Plaintiff a backpay amount as part of the active Eligible

Plaintiff's regular payroll check.  Defendant will make a good faith effort to notify Plaintiffs'

counsel, at least 14 calendar days prior to distribution of the backpay amount, of the exact date

when each active (employed) Eligible Plaintiff will be paid.  Defendant also will make good faith

efforts to send to Plaintiffs' counsel, at least 3 calendar days prior to distribution of the backpay

amount, a payroll report stating the amount to which each active (employed) Eligible Plaintiff will

be paid, including deductions.  Defendant's counsel will also send to Plaintiffs' counsel each non-

active (non-employed) Plaintiff's individual backpay checks for distribution to the Plaintiffs along with a corresponding document identifying all deductions and withholdings.

      2.5     The Defendant shall pay Plaintiffs' reasonable attorneys' fees in the amount of $172,701.50 and expenses in the amount of $14,597, in the total amount of $187,298.50 with the amount of $142,141.18 payable to Woodley & McGillivary LLP and the amount of $45,157.32 payable to Spivak Lipton LLP. Defendant shall provide these fees and expenses to Plaintiffs' counsel with a separate check payable to each law firm—Woodley & McGillivary LLP and Spivak Lipton LLP—in the amounts noted above. The aforementioned checks for attorneys' fees and expenses will be paid within 90 days of the date that the Court enters an Order finally approving this Agreement.

      2.6     The method by which the amounts to be paid each Eligible Plaintiff were determined as described in this paragraph. For purposes of computing damages "the relevant recovery period" for calculating each individual Plaintiff's point totals will be three years prior to the date when each Plaintiff's consent to join this action was filed with the Court up to December 2, 2017. Each Plaintiff received one point for each week during "the relevant recovery period" that the Plaintiff was employed by the New York City Housing Authority as a Housing Exterminator. In addition, the two Named Plaintiffs who served on the Plaintiffs' settlement team will each receive $1,250 as an incentive payment, for a total of $2,500. The total number of points for all Plaintiffs were then divided into the amount of $172,701.50, minus the $2,500 in incentive payments, which equals $170,201.50. Plaintiffs and their counsel will be solely responsible for determining the allocations among Eligible Plaintiffs and the distribution of funds.

2.7     Plaintiffs and their counsel, Woodley & McGillivary LLP and Spivak Lipton LLP, will defend, release, and hold Defendant harmless from any and all claims or causes of action arising from the distribution of settlement funds.

2.8     Defendant shall distribute W-2 forms to the Eligible Plaintiffs reflecting the backpay payments made under Paragraphs 2.1 and 2.2 in this Agreement.  Plaintiffs' counsel shall distribute to each Eligible Plaintiff receiving a liquidated damages award a Miscellaneous Income Form 1099 reflecting the amount paid to the Eligible Plaintiff as liquidated damages.  The Miscellaneous Income Form 1099s for the two Named Plaintiffs receiving incentive payments, which shall be distributed by Plaintiffs' counsel, shall reflect the amount of such payments. Each Eligible Plaintiff agrees that he or she will be responsible for his or her individual tax liability associated with the payments made to him or her under this Agreement.  Eligible Plaintiffs and Plaintiffs' counsel agree that they shall indemnify and hold harmless Defendant in the event of any dispute concerning whether taxes are owed by any Eligible Plaintiff on the liquidated damages and incentive payments part of the settlement.

2.9     All payments to Eligible Plaintiffs shall be deemed to be paid solely in the year in which such payments are actually received by Eligible Plaintiffs.  It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Eligible Plaintiff to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Agreement, nor will it entitle any Eligible Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits.  It is also expressly understood and agreed that no pension contributions shall be taken from the backpay payments.  It is the intent of this Agreement that the settlement payments provided for in this Agreement are the sole payments to be made to the Eligible Plaintiffs, and that

the Eligible Plaintiffs are not entitled to any new or additional compensation or benefits as a result

of having received payment pursuant to this Agreement (notwithstanding any contrary language or

agreement in any benefit or compensation plan document that might have been in effect during the

time period beginning three (3) years prior to the filing date of each Eligible Plaintiff's Consent to

Sue form through the date this Agreement is fully executed).  Plaintiffs specifically waive

entitlement to such benefits and in additional consideration for the mutual covenants made in this

Agreement, hereby agree not to bring any further action against Defendant or any retirement or

welfare benefit plan maintained by Defendant or any of its affiliates for additional benefits as a

result of any additional compensation paid as a result of this Agreement.  This Agreement may be

used by the Defendant or by any benefit plan or fiduciary thereof as a complete and absolute

defense to any such claim.

## III.   RELEASE AND COVENANT NOT TO SUE

3.1     All Eligible Plaintiffs for themselves, and their spouses and families, attorneys (if

any), agents, executors, administrators, personal representatives, heirs, successors, any future

estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"),

voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the

Defendant, its present or former officers, directors, subsidiaries, affiliates, partners, employees,

agents, attorneys, accountants, executors, administrators, personal representatives, heirs,

successors and assigns, and any or all of them and all persons acting by, through, under, or in

concert with any of them (collectively, the "Releasees"), in their personal, individual, official

and/or corporate capacities, from all wage and hour claims asserted in the Lawsuit, and all federal,

state and/or local statutory wage and hour claims that could have been asserted in the Lawsuit, for

the Housing Exterminator position arising from the beginning of time up to and through December

2, 2017 for the time period Eligible Plaintiffs worked as Housing Exterminators at the New York City Housing Authority.

3.2     All Eligible Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all released claims as set forth in Paragraph 3.1, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved or with regard to any facts which are now unknown to them.

3.3     All Eligible Plaintiffs understand and agree that to the fullest extent permitted by law, they are precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal or other authority arising out of the Released Claims for the time period beginning three (3) years prior to the filing date of each Eligible Plaintiff's Consent to Sue form through December 2, 2017 with respect to the claims asserted in this lawsuit. Excluded from this release and covenant not to sue is any right or claim that cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by government agencies.  All Eligible Plaintiffs are waiving, however, any right to monetary recovery should any agency pursue any claims on their behalf with respect to the Released Claims for the time period beginning three (3) years prior to the filing date of each Plaintiff's Consent to Sue form through December 2, 2017.

3.4     All Eligible Plaintiffs agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Each Eligible Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement, and he/she has been advised to consult with their attorney should they have any questions.

### IV.    DISMISSAL OF CLAIMS

4.1    Eligible Plaintiffs agree to dismissal of all claims asserted in the Lawsuit against Defendant as specified in paragraph 3.1 with prejudice, in accordance with the attached Agreed Order of Dismissal with Prejudice.

### V.    NO ADMISSION OF LIABILITY

5.1    Defendant does not admit any allegations made against it in any charges, complaints, grievances or lawsuits currently pending between the Parties.  Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

### VI.    RETALIATION

6.1    The Defendant agrees not to retaliate against nor take any action against any Plaintiff employed by the Defendant for pursuing claims in this action or for otherwise participating in the lawsuit.

### VII.    NO PUBLICITY

7.1    Plaintiffs' counsel has agreed not to issue any press release to the media relative to this lawsuit.

### VIII.    CONTINUED JURISDICTION

8.1    The U.S. District Court for the Southern District of New York shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in or related to the instant action.

## IX.    PARTIES' AUTHORITY

9.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the parties hereto to the terms and conditions hereof. The Parties acknowledge that the Court will schedule a settlement approval conference in this matter before the Honorable Judge John G. Koeltl.  To object to the settlement, a Plaintiff must either appear in person at the settlement approval conference to voice their objection or, in the alternative, must contact the Court, in writing, to voice their objection and to explain all reasons for the objection. A Plaintiff who does not object to the Settlement Agreement does not have to attend the settlement approval conference or take any other action to approve the settlement and/or otherwise indicate his/her agreement to the terms of the settlement. This Settlement Agreement will take effect provided that ninety percent (90%) or more of the Plaintiffs do not object to the Settlement Agreement and all Plaintiffs will be bound to the terms of the Settlement Agreement.

9.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## X.    MUTUAL FULL COOPERATION

10.1    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## XI.   ENFORCEMENT ACTIONS

11.1    In the event that one or more of the Parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XII.   MODIFICATION

12.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## XIII.  ENTIRE AGREEMENT

13.1    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling.

## XIV.  CHOICE OF LAW/JURISDICTION

14.1    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of New York.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

11

## XV.   <u>VOIDING THE AGREEMENT</u>

15.1    In the event this Agreement, or any amended version agreed upon by the parties does not obtain judicial approval for any reason, or that fewer than ninety percent (90%) of the Plaintiffs fail to approve the settlement as per Section 9.1, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the

date indicated below:

| | |
|---|---|
| WOODLEY & McGILLIVARY LLP<br>   1101 Vermont Street N.W., Suite 1000<br>   Washington, D.C. 20005<br>   (202) 833-8855<br><br>By: _____<br>     Molly A. Elkin<br><br>Dated: 12/22 , 2017<br><br>ATTORNEYS FOR PLAINTIFFS | DAVID FARBER<br>General Counsel<br>New York City Housing Authority<br>Attorney for Defendant NYCHA<br>250 Broadway, 9th Floor<br>New York, New York 10007<br>(212) 776-5244<br><br>By: _____<br>     Donna M. Murphy<br><br>Dated: December 22, 2017<br><br>ATTORNEY FOR DEFENDANT |
| SPIVAK LIPTON LLP<br>   1700 Broadway<br>   Suite 2100<br>   New York, N.Y 10019<br>   Phone: (212) 765-2100<br><br>By: _____<br>     Hope Pordy<br><br>Dated: December 21 , 2017<br><br>ATTORNEYS FOR PLAINTIFFS | |

4838-9713-6217, v. 1

13

# EXHIBIT A

Exhibit A

| # | First Name | Last Name | Court File Date |
|---|---|---|---|
| 1 | Darsharay | Allen-Sore | 12/23/16 |
| 2 | Vincenzo | Amorelli | 04/19/17 |
| 3 | Edwin | Arroyo | 06/19/17 |
| 4 | Damon | Barnard | 01/03/17 |
| 5 | Aldric | Battle Sr | 08/11/17 |
| 6 | Sheila | Beasley | 04/05/17 |
| 7 | Charles | Bell | 05/18/17 |
| 8 | Kenneth | Benedith | 06/19/17 |
| 9 | Michael | Biagioni | 04/19/17 |
| 10 | Henry | Botchway | 05/18/17 |
| 11 | Debbin | Bradley | 04/26/17 |
| 12 | Tracy | Breaker | 01/03/17 |
| 13 | Douglas | Brevard | 01/03/17 |
| 14 | Tory | Burke | 01/03/17 |
| 15 | Jaquan | Butler | 05/18/17 |
| 16 | Gary | Cavello | 04/19/17 |
| 17 | Peter | Cherry | 04/05/17 |
| 18 | Kevin | Cole | 01/03/17 |
| 19 | Freddie | Cook | 01/03/17 |
| 20 | Kimani | Darnt | 05/18/17 |
| 21 | Sophia | Degale | 04/26/17 |
| 22 | Agatha | Desvianes-McKain | 01/03/17 |
| 23 | Llywellyn | Diggs | 01/03/17 |
| 24 | Michael | Dodson | 06/19/17 |
| 25 | Brian | Dryer | 04/19/17 |
| 26 | Bernadette | Elliot | 01/03/17 |
| 27 | Yolanda | Follors | 05/05/17 |
| 28 | Marguerite | Fraser | 01/03/17 |
| 29 | Matthew | Gaddy | 01/03/17 |
| 30 | Thomas | Gomez | 01/03/17 |
| 31 | Michelle | Green | 04/05/17 |
| 32 | Jason | Gutierrez | 04/05/17 |
| 33 | Dayalamar | Hardy | 01/03/17 |
| 34 | Lavelle | Herring | 05/18/17 |
| 35 | Brett | Hicks | 04/19/17 |
| 36 | Gregory | Hill | 04/19/17 |
| 37 | Sheryl | Holley | 04/26/17 |
| 38 | Dave | Howe | 04/26/17 |
| 39 | Curtis | Humphrey | 05/05/17 |
| 40 | Dana | Hylton | 01/03/17 |
| 41 | Larry | Jenkins | 04/19/17 |
| 42 | Alexander | Johnston | 12/23/16 |
| 43 | Martin | Lockwood | 04/19/17 |
| 44 | Leni | Lopez | 04/05/17 |
| 45 | Lorraine | Lowery-Clark | 01/03/17 |

Exhibit A

| # | First Name | Last Name | Court File Date |
|---|---|---|---|
| 46 | Rufus | Mason | 01/03/17 |
| 47 | George | McCain | 03/03/17 |
| 48 | Emmanuel | Merced | 01/03/17 |
| 49 | Beresford Jr | Milford | 06/19/17 |
| 50 | Dexter | Mills | 01/03/17 |
| 51 | Elizabeth | Moolchan | 05/18/17 |
| 52 | Yvette | Morant | 01/03/17 |
| 53 | Shein | Myint | 04/19/17 |
| 54 | Yolanda | Nunez | 04/26/17 |
| 55 | Abigail | Ojeda | 04/19/17 |
| 56 | Jenny | Ortega | 04/05/17 |
| 57 | Miguel | Ortiz | 04/19/17 |
| 58 | Natasha | Ousley | 01/03/17 |
| 59 | Erica | Pierce | 01/03/17 |
| 60 | William | Pipkins | 04/19/17 |
| 61 | Sophia | Prince | 01/03/17 |
| 62 | Angela | Purcell | 01/03/17 |
| 63 | Amir | Ramzy | 04/05/17 |
| 64 | Jasmin | Reed | 04/05/17 |
| 65 | Samuel | Rivera | 04/05/17 |
| 66 | Ivan | Rodriguez | 01/03/17 |
| 67 | Jimmy | Rodriguez | 04/26/17 |
| 68 | Roxanne | Rohlsen | 04/05/17 |
| 69 | Dwight | Sainte | 01/03/17 |
| 70 | Krystle | Saunders | 04/26/17 |
| 71 | Steven | Shack | 03/03/17 |
| 72 | Ronald | Singleton | 04/26/17 |
| 73 | Tequila | Smith | 04/19/17 |
| 74 | Charlie | Stuckey | 01/03/17 |
| 75 | Kim | Taylor | 04/19/17 |
| 76 | Milton | Thomas | 06/19/17 |
| 77 | Crashawn | Vaden | 03/03/17 |
| 78 | Angelita | Vega | 01/03/17 |
| 79 | John | Waters | 01/03/17 |
| 80 | Edward | Weston | 01/03/17 |
| 81 | Rasheen | Wilds | 01/03/17 |
| 82 | Carlton | Williams | 04/05/17 |
| 83 | Clifford | Williams | 01/03/17 |
| 84 | Cynthia | Williams | 01/03/17 |
| 85 | Frank | Williams | 04/26/17 |
| 86 | Jennifer | Williams | 04/19/17 |
| 87 | Tyrone | Williams | 01/03/17 |
| 88 | Lashawn | Wilson | 05/05/17 |
| 89 | Tralane | Wynn | 11/30/17 |

EXHIBIT B

EXHIBIT B

| # | FIRST NAME | LAST NAME | BACKPAY AMOUNT | LIQUIDATED DAMAGES AMOUNT | INCENTIVE PAY AMOUNT |
|---|---|---|---|---|---|
| 1 | Darsharay | Allen-Sore | $ 1,157.91 | $ 1,157.91 | |
| 2 | Vincenzo | Amorelli | $ 1,062.35 | $ 1,062.35 | |
| 3 | Edwin | Arroyo | $ 1,017.39 | $ 1,017.39 | |
| 4 | Damon | Barnard | $ 1,152.29 | $ 1,152.29 | $ 1,250.00 |
| 5 | Aldric | Battle Sr | $ 803.79 | $ 803.79 | |
| 6 | Sheila | Beasley | $ 1,073.60 | $ 1,073.60 | |
| 7 | Charles | Bell | $ 466.54 | $ 466.54 | |
| 8 | Kenneth | Benedith | $ 1,017.39 | $ 1,017.39 | |
| 9 | Michael | Biagioni | $ 1,062.35 | $ 1,062.35 | |
| 10 | Henry | Botchway | $ 1,039.87 | $ 1,039.87 | |
| 11 | Debbin | Bradley | $ 146.14 | $ 146.14 | |
| 12 | Tracy | Breaker | $ 1,152.29 | $ 1,152.29 | |
| 13 | Douglas | Brevard | $ 792.55 | $ 792.55 | |
| 14 | Tory | Burke | $ 320.39 | $ 320.39 | |
| 15 | Jaquan | Butler | $ 342.88 | $ 342.88 | |
| 16 | Gary | Cavello | $ 1,062.35 | $ 1,062.35 | |
| 17 | Peter | Cherry | $ 1,073.60 | $ 1,073.60 | |
| 18 | Kevin | Cole | $ 224.84 | $ 224.84 | |
| 19 | Freddie | Cook | $ 1,152.29 | $ 1,152.29 | |
| 20 | Kimani | Darnt | $ 893.73 | $ 893.73 | |
| 21 | Sophia | Degale | $ 258.56 | $ 258.56 | |
| 22 | Agatha | Desvianes-McKain | $ 1,152.29 | $ 1,152.29 | |
| 23 | Llywellyn | Diggs | $ 1,152.29 | $ 1,152.29 | |
| 24 | Michael | Dodson | $ 657.65 | $ 657.65 | |
| 25 | Brian | Dryer | $ 1,062.35 | $ 1,062.35 | |
| 26 | Bernadette | Elliot | $ 1,152.29 | $ 1,152.29 | |
| 27 | Yolanda | Follors | $ 1,051.11 | $ 1,051.11 | |
| 28 | Marguerite | Fraser | $ 1,152.29 | $ 1,152.29 | |
| 29 | Matthew | Gaddy | $ 1,152.29 | $ 1,152.29 | |
| 30 | Thomas | Gomez | $ 1,152.29 | $ 1,152.29 | |
| 31 | Michelle | Green | $ 1,073.60 | $ 1,073.60 | |
| 32 | Jason | Gutierrez | $ 1,073.60 | $ 1,073.60 | |
| 33 | Dayalamar | Hardy | $ 1,152.29 | $ 1,152.29 | |
| 34 | Lavelle | Herring | $ 1,039.87 | $ 1,039.87 | |
| 35 | Brett | Hicks | $ 1,062.35 | $ 1,062.35 | |
| 36 | Gregory | Hill | $ 657.65 | $ 657.65 | |
| 37 | Sheryl | Holley | $ 1,056.73 | $ 1,056.73 | |
| 38 | Dave | Howe | $ 1,056.73 | $ 1,056.73 | |
| 39 | Curtis | Humphrey | $ 230.46 | $ 230.46 | |
| 40 | Dana | Hylton | $ 1,152.29 | $ 1,152.29 | |
| 41 | Larry | Jenkins | $ 837.52 | $ 837.52 | |
| 42 | Alexander | Johnston | $ 848.76 | $ 848.76 | $ 1,250.00 |
| 43 | Martin | Lockwood | $ 1,062.35 | $ 1,062.35 | |
| 44 | Leni | Lopez | $ 1,073.60 | $ 1,073.60 | |
| 45 | Lorraine | Lowery-Clark | $ 1,152.29 | $ 1,152.29 | |
| 46 | Rufus | Mason | $ 1,152.29 | $ 1,152.29 | |
| 47 | George | McCain | $ 1,101.70 | $ 1,101.70 | |

EXHIBIT B

| # | FIRST NAME | LAST NAME | BACKPAY AMOUNT | LIQUIDATED DAMAGES AMOUNT | INCENTIVE PAY AMOUNT |
|---|---|---|---|---|---|
| 48 | Emmanuel | Merced | $ 1,152.29 | $ 1,152.29 | |
| 49 | Beresford Jr | Milford | $ 1,017.39 | $ 1,017.39 | |
| 50 | Dexter | Mills | $ 1,152.29 | $ 1,152.29 | |
| 51 | Elizabeth | Moolchan | $ 1,039.87 | $ 1,039.87 | |
| 52 | Yvette | Morant | $ 1,152.29 | $ 1,152.29 | |
| 53 | Shein | Myint | $ 1,062.35 | $ 1,062.35 | |
| 54 | Yolanda | Nunez | $ 1,056.73 | $ 1,056.73 | |
| 55 | Abigail | Ojeda | $ 1,062.35 | $ 1,062.35 | |
| 56 | Jenny | Ortega | $ 1,073.60 | $ 1,073.60 | |
| 57 | Miguel | Ortiz | $ 230.46 | $ 230.46 | |
| 58 | Natasha | Ousley | $ 1,152.29 | $ 1,152.29 | |
| 59 | Erica | Pierce | $ 1,090.46 | $ 1,090.46 | |
| 60 | William | Pipkins | $ 1,062.35 | $ 1,062.35 | |
| 61 | Sophia | Prince | $ 1,152.29 | $ 1,152.29 | |
| 62 | Angela | Purcell | $ 1,152.29 | $ 1,152.29 | |
| 63 | Amir | Ramzy | $ 1,073.60 | $ 1,073.60 | |
| 64 | Jasmin | Reed | $ 1,073.60 | $ 1,073.60 | |
| 65 | Samuel | Rivera | $ 1,073.60 | $ 1,073.60 | |
| 66 | Ivan | Rodriguez | $ 1,152.29 | $ 1,152.29 | |
| 67 | Jimmy | Rodriguez | $ 489.02 | $ 489.02 | |
| 68 | Roxanne | Rohlsen | $ 1,073.60 | $ 1,073.60 | |
| 69 | Dwight | Sainte | $ 640.79 | $ 640.79 | |
| 70 | Krystle | Saunders | $ 1,056.73 | $ 1,056.73 | |
| 71 | Steven | Shack | $ 1,101.70 | $ 1,101.70 | |
| 72 | Ronald | Singleton | $ 1,051.11 | $ 1,051.11 | |
| 73 | Tequila | Smith | $ 163.01 | $ 163.01 | |
| 74 | Charlie | Stuckey | $ 118.04 | $ 118.04 | |
| 75 | Kim | Taylor | $ 949.94 | $ 949.94 | |
| 76 | Milton | Thomas | $ 1,017.39 | $ 1,017.39 | |
| 77 | Crashawn | Vaden | $ 1,101.70 | $ 1,101.70 | |
| 78 | Angelita | Vega | $ 792.55 | $ 792.55 | |
| 79 | John | Waters | $ 1,152.29 | $ 1,152.29 | |
| 80 | Edward | Weston | $ 1,152.29 | $ 1,152.29 | |
| 81 | Rasheen | Wilds | $ 1,000.52 | $ 1,000.52 | |
| 82 | Carlton | Williams | $ 1,073.60 | $ 1,073.60 | |
| 83 | Clifford | Williams | $ 1,152.29 | $ 1,152.29 | |
| 84 | Cynthia | Williams | $ 1,152.29 | $ 1,152.29 | |
| 85 | Frank | Williams | $ 1,056.73 | $ 1,056.73 | |
| 86 | Jennifer | Williams | $ 1,062.35 | $ 1,062.35 | |
| 87 | Tyrone | Williams | $ 1,152.29 | $ 1,152.29 | |
| 88 | Lashawn | Wilson | $ 983.66 | $ 983.66 | |
| 89 | Tralane | Wynn | $ 882.48 | $ 882.48 | |
| | | | | | |
| | | | $ 85,100.75 | $ 85,100.75 | $ 2,500.00 |

# EXHIBIT C

EXHIBIT C

| # | FIRST NAME | LAST NAME | TOTAL BACKPAY, LIQUIDATED DAMAGES, AND INCENTIVE PAY AMOUNT |
|---|---|---|---|
| 1 | Darsharay | Allen-Sore | $ 2,315.82 |
| 2 | Vincenzo | Amorelli | $ 2,124.71 |
| 3 | Edwin | Arroyo | $ 2,034.77 |
| 4 | Damon | Barnard | $ 3,554.58 |
| 5 | Aldric | Battle Sr | $ 1,607.58 |
| 6 | Sheila | Beasley | $ 2,147.19 |
| 7 | Charles | Bell | $ 933.07 |
| 8 | Kenneth | Benedith | $ 2,034.77 |
| 9 | Michael | Biagioni | $ 2,124.71 |
| 10 | Henry | Botchway | $ 2,079.74 |
| 11 | Debbin | Bradley | $ 292.29 |
| 12 | Tracy | Breaker | $ 2,304.58 |
| 13 | Douglas | Brevard | $ 1,585.10 |
| 14 | Tory | Burke | $ 640.79 |
| 15 | Jaquan | Butler | $ 685.75 |
| 16 | Gary | Cavello | $ 2,124.71 |
| 17 | Peter | Cherry | $ 2,147.19 |
| 18 | Kevin | Cole | $ 449.67 |
| 19 | Freddie | Cook | $ 2,304.58 |
| 20 | Kimani | Darnt | $ 1,787.45 |
| 21 | Sophia | Degale | $ 517.12 |
| 22 | Agatha | Desvianes-McKain | $ 2,304.58 |
| 23 | Llywellyn | Diggs | $ 2,304.58 |
| 24 | Michael | Dodson | $ 1,315.30 |
| 25 | Brian | Dryer | $ 2,124.71 |
| 26 | Bernadette | Elliot | $ 2,304.58 |
| 27 | Yolanda | Follors | $ 2,102.22 |
| 28 | Marguerite | Fraser | $ 2,304.58 |
| 29 | Matthew | Gaddy | $ 2,304.58 |
| 30 | Thomas | Gomez | $ 2,304.58 |
| 31 | Michelle | Green | $ 2,147.19 |
| 32 | Jason | Gutierrez | $ 2,147.19 |
| 33 | Dayalamar | Hardy | $ 2,304.58 |
| 34 | Lavelle | Herring | $ 2,079.74 |
| 35 | Brett | Hicks | $ 2,124.71 |
| 36 | Gregory | Hill | $ 1,315.30 |
| 37 | Sheryl | Holley | $ 2,113.47 |
| 38 | Dave | Howe | $ 2,113.47 |
| 39 | Curtis | Humphrey | $ 460.92 |
| 40 | Dana | Hylton | $ 2,304.58 |
| 41 | Larry | Jenkins | $ 1,675.03 |
| 42 | Alexander | Johnston | $ 2,947.52 |
| 43 | Martin | Lockwood | $ 2,124.71 |
| 44 | Leni | Lopez | $ 2,147.19 |
| 45 | Lorraine | Lowery-Clark | $ 2,304.58 |
| 46 | Rufus | Mason | $ 2,304.58 |
| 47 | George | McCain | $ 2,203.40 |

EXHIBIT C

| # | FIRST NAME | LAST NAME | TOTAL BACKPAY, LIQUIDATED DAMAGES, AND INCENTIVE PAY AMOUNT |
|---|---|---|---|
| 48 | Emmanuel | Merced | $ 2,304.58 |
| 49 | Beresford Jr | Milford | $ 2,034.77 |
| 50 | Dexter | Mills | $ 2,304.58 |
| 51 | Elizabeth | Moolchan | $ 2,079.74 |
| 52 | Yvette | Morant | $ 2,304.58 |
| 53 | Shein | Myint | $ 2,124.71 |
| 54 | Yolanda | Nunez | $ 2,113.47 |
| 55 | Abigail | Ojeda | $ 2,124.71 |
| 56 | Jenny | Ortega | $ 2,147.19 |
| 57 | Miguel | Ortiz | $ 460.92 |
| 58 | Natasha | Ousley | $ 2,304.58 |
| 59 | Erica | Pierce | $ 2,180.92 |
| 60 | William | Pipkins | $ 2,124.71 |
| 61 | Sophia | Prince | $ 2,304.58 |
| 62 | Angela | Purcell | $ 2,304.58 |
| 63 | Amir | Ramzy | $ 2,147.19 |
| 64 | Jasmin | Reed | $ 2,147.19 |
| 65 | Samuel | Rivera | $ 2,147.19 |
| 66 | Ivan | Rodriguez | $ 2,304.58 |
| 67 | Jimmy | Rodriguez | $ 978.04 |
| 68 | Roxanne | Rohlsen | $ 2,147.19 |
| 69 | Dwight | Sainte | $ 1,281.57 |
| 70 | Krystle | Saunders | $ 2,113.47 |
| 71 | Steven | Shack | $ 2,203.40 |
| 72 | Ronald | Singleton | $ 2,102.22 |
| 73 | Tequila | Smith | $ 326.01 |
| 74 | Charlie | Stuckey | $ 236.08 |
| 75 | Kim | Taylor | $ 1,899.87 |
| 76 | Milton | Thomas | $ 2,034.77 |
| 77 | Crashawn | Vaden | $ 2,203.40 |
| 78 | Angelita | Vega | $ 1,585.10 |
| 79 | John | Waters | $ 2,304.58 |
| 80 | Edward | Weston | $ 2,304.58 |
| 81 | Rasheen | Wilds | $ 2,001.05 |
| 82 | Carlton | Williams | $ 2,147.19 |
| 83 | Clifford | Williams | $ 2,304.58 |
| 84 | Cynthia | Williams | $ 2,304.58 |
| 85 | Frank | Williams | $ 2,113.47 |
| 86 | Jennifer | Williams | $ 2,124.71 |
| 87 | Tyrone | Williams | $ 2,304.58 |
| 88 | Lashawn | Wilson | $ 1,967.32 |
| 89 | Tralane | Wynn | $ 1,764.97 |
| | | | |
| | | | $ 172,701.50 |